PER CURIAM.
This disciplinary proceeding by The Florida Bar against Richard E. Brady, a member of The Florida Bar, is presently before us on a complaint of The Florida Bar and report of the referee. Pursuant to Florida Bar Integration Rule, article XI, rule 11.-06(9)(b), the referee’s report and record were duly filed with this court. No petition for review, pursuant to Florida Bar Integration Rule, article XI, rule 11.09(1), has been filed.
The respondent admitted the allegations in each of the five counts of the The Florida Bar complaint, which allegations became the basis for the findings of fact of the referee. We summarize these findings as follows:
1. On March 29, 1977, the respondent entered a notice of appearance as co-counsel for George Nagle in the case styled Dennis Dimas v. George Nagle, Case No. 76-89J3, in the Seventeenth Judicial Circuit Court, in and for Broward County, Florida. On or about April 21, 1977, the respondent filed a notice of appeal in the above mentioned case. The respondent took no more action on behalf of his client involving this case. After making numerous unsuccessful attempts to contact the respondent, Mr. Na-gle discovered on or about May 9, 1977, that respondent’s office and residence telephones had been disconnected. Mr. Nagle went to respondent’s law office and found it closed. Unable to contact the respondent, Mr. Na-gle retained another attorney to represent him in his appeal. Upon investigation, it was discovered that a motion to dismiss the appeal for lack of prosecution had been filed by opposing counsel on or about May 6, 1977. Only through the efforts and immediate action of new counsel was Mr. Na-gle successful in obtaining an order from the district court extending the time for prosecution of his appeal.
2. In May, 1975, respondent was retained by Samuel Holding to represent him in the defense of a certain action. Mr. Holding paid respondent $800 as an initial retainer for his services. A trial was eventually scheduled in the Holding case for September 7, 1977. In late June, 1977, Mr. Holding made numerous’ unsuccessful attempts to contact respondent regarding the September trial. On or about July 14,1977, after repeated unsuccessful attempts to locate respondent, Mr. Holding retained other counsel to represent him in the matter. The new attorney was forced to photocopy the court file since the Holdings had no papers to deliver to him due to their inability to locate respondent. New counsel ultimately settled the case to the satisfaction *360 of all parties; however, Mr. Holding spent an additional $1,200 over and above the $800 he had previously paid respondent to conclude the litigation.
3. In February, 1977, Richard Spinner hired respondent to prosecute a $12,000 claim on his behalf for a real estate commission. On or about February 25, 1977, Mr. Spinner paid respondent $1,000, $500 of which was a loan to respondent solicited by him because of personal financial problems that he was having. On March 30, 1977, respondent informed Mr. Spinner by letter that he was prepared to institute suit in Mr.. Spinner’s case. When Mr. Spinner had repeatedly failed to reach Mr. Nagle by phone and discovered that his law office had been closed, Mr. Spinner complained to The Florida Bar in June, 1977. Mr. Spinner ultimately contacted respondent in September, 1977, at which time respondent apologized for not having accomplished his client’s work and indicated that he would contact Mr. Spinner later. Respondent thereafter did not contact Mr. Spinner nor did he return any of the $1,000 given him by his client.
4. On or before March 10, 1976, respondent was retained by Hartzell Rynard to file suit for damages on his behalf. After suit was filed, respondent failed to continue to communicate or keep the client advised of the status of the case. Respondent failed to respond to discovery served upon his client by the defendant in the action and a motion for sanctions under rule 1.390 of the Florida Rules of Civil Procedure was filed against respondent’s client. Respondent did not appear at a hearing leading to a dismissal of his client’s action. Upon learning of the dismissal, respondent intentionally withheld from the client advice that the matter had been dismissed.
Noting that the respondent plead guilty to each of the allegations in the complaint, the referee made the following recommendation as to disciplinary measures to be applied:
A.It is recommended that a public reprimand be administered to Respondent in an appropriate manner under Rule 11.-10 of the Integration Rule of The Florida Bar, and further, that Respondent be placed upon probation for a period of three years conditioned upon his making restitution to his former client, Richard Spinner (17A78M21) in the amount of $1,000.00 together with interest thereon at ten per cent per annum from February 25, 1977 as per agreement of Respondent (Respondent’s Affirmative Defenses, Complainant’s Exhibit 7, paragraph 10 at page 4) in monthly payments of $100.00, first credited to accrued interest, commencing one month after Judgment as provided in Rule 11.10(3).
B. It is further recommended that the conditions of the probation require that Respondent file periodic reports (monthly for the first twelve months and quarterly thereafter) of all of the respondent’s work with the Clerk of the Florida Supreme Court with a copy to Staff Counsel for The Florida Bar. In preparing such reports, Respondent is directed to include the following minimum information: a caseload report outlining the current status of cases which Respondent has agreed to undertake on behalf of clients. The report should include information as to cases disposed of during the preceding period. Such reports should be confidential in nature and Respondent may include therein such additional information as he deems relevant to an evaluation by the Court of his prompt and diligent prosecution of his caseload. Any finding of probable cause as to conduct of Respondent during the period of probation, or any failure to file a timely report, or the filing of an unsatisfactory caseload report, should automatically terminate Respondent’s probation. In such event, the Clerk of the Supreme Court should promptly re-assign this matter to the Court for further action.
C. Lest my recommendation as to discipline appears unduly lenient to those other than Respondent, I report the following items which to my mind were sufficiently extenuating to warrant another chance for Respondent while under the close probationary supervision of the Supreme Court and The Florida Bar:
*361 (1) Respondent pled guilty to all five Counts of the Complaint and its Amendments.
(2) Respondent throughout demonstrated remorse and repentance for his misconduct.
(3) Respondent was admitted to practice in Florida in June 1957, has actively practiced law in Broward County ever since except for brief periods while out of State. (Respondent’s Affirmative Defenses Exhibit “A” attached at page 1, Complainant’s Exhibit 7). Respondent in Summation, not evidence, advised that he had not previously been the subject of grievance matters (Final Hearing transcript, page 35) and Complainant has no.t advised otherwise. Respondent’s misconduct was restricted to a portion of the year 1977 except as to Count V which apparently occurred in 1976.
(4) Starting in 1971 Respondent suffered an incredible series of misfortunes i. e., the bankruptcy of his nursing home corporation, his personal bankruptcy without discharge from income tax liability and recorded liens, a divorce in August 1974 followed by the removal of his former wife and minor children to North Carolina, his effort to live near his children in North Carolina and failure, his personal injuries in an accident and subsequent disability, pain and suffering; his dependence on Per-codin and its impairment of his mental ability and emotional stability, the collapse of his law practice, the Dissolution of his succeeding marriage, his eviction from his law office and apartment, the repossession of his automobile, the disconnection of his telephone, levies against his remaining assets by IRS, the seizure and sale of his office furniture, files, etc., and his addiction to alcohol, all of which Respondent maintains he has overcome. (Exhibit “A” to Respondent’s Affirmative Defenses, Complainant’s Exhibit 7, Affidavit, pages 2 et. seq.)
(5)I therefore conclude that my recommendation will permit Respondent to rehabilitate himself while at the same time adequately protecting the public and the legal profession by insuring his diligence in the future.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Richard E. Brady, is hereby placed on probation, effective immediately, for a period of three years under the conditions outlined in the referee’s report. Execution is hereby directed to issue for the costs of these proceedings against respondent in the amount for $579.10.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion.